
RECEIVED
IN MONROE, LA
JUN 19 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| JOHN GOODS | CIVIL ACTION NO. 08-1149 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SHERIFF STEVE PYLANT, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

On April 22, 2009, Magistrate Judge Karen L. Hayes issued a Supplemental Report and Recommendation [Doc. No. 13], recommending that Plaintiff John Goods' ("Goods") claim that he was confined in administrative segregation in retaliation for filing the instant civil rights complaint be dismissed with prejudice as frivolous. For the following reasons, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Supplemental Report and Recommendation.

Goods is a pretrial detainee housed at the Franklin Parish Detention Center ("FPDC"). He has been detained there since approximately November 2006 while awaiting trial. Goods alleges that he has been confined in administrative segregation in retaliation for filing this lawsuit. He names Warden Chad Lee, Assistant Warden Hilton Griffen, and Sheriff Steve Pylant as defendants.

Goods alleges the following chronology of events:

- On July 14, 2008, Goods was placed in administrative segregation without benefit of a formal write-up or charges.

- On July 15, 2008, Goods wrote a letter to Warden Lee and placed it in the outgoing mail.

- On July 17, 2008, Goods submitted an administrative remedies procedure ("ARP") grievance to Warden Lee inquiring about his placement in administrative segregation.

- On August 5, 2008, Goods filed a complaint in this Court regarding his placement in administrative segregation.

- At some time before Goods was released from administrative segregation, he spoke with Warden Lee. (Goods states in his objection that "[y]es the Warden knew about me proceeding in filing a civil suit against him the same day when I got it sign and copy's and we talked about it and he told me then he will release me from the holding cell but I still sent the civil suit paper off b/c I'm tired of the same old situation going on here b/c the Warden have rules and regulation he have to go by also." [Doc. No. 14, pp. 1–2].)

- On August 7, 2008, Goods was released from administrative segregation.

- On August 22, 2008, Goods was summoned to Warden Lee's office. Warden Lee inquired about Goods' civil complaint and said "you went ahead and filed [the civil suit] anyway" in reference to a previous conversation about Goods' intent to file suit. [Doc. No. 14, p. 2]. Warden Lee also advised Goods that he had the authority to confine him in administrative segregation for as long a period as he deemed necessary.

- On August 26, 2008, Goods was returned to administrative segregation without the benefit of a formal write-up or charges. Goods submitted at least one ARP inquiring about his placement in administrative segregation.

- On September 5, 2008, Officer Johnson responded to Goods' ARP: "[y]ou were put in the holding cell on the east side from K dorm on another shift because they said you were strong arming some of the guys in K Dorm. The other time you were moved from one holding cell to another to make room for someone else." Goods disputes that he has caused any trouble and has offered a "signed" statement by other inmates acknowledging that he did not strong arm anybody, start an altercation, or provoke another inmate. [Doc. No. 7, pp. 2–3].

- Goods alleges that he is still being confined in administrative segregation.

To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Causation requires a showing that but for the retaliatory motive the complained of incident would not have occurred.

*McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). To establish causation, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.

1995) (internal quotations and citations omitted).

With respect to Goods' August 26 confinement, Magistrate Judge Hayes reasons that Goods cannot show that Defendants had the intent to retaliate against him for filing suit, nor can he show an appropriate chain of causation from which retaliation might be inferred.[1]

With respect to retaliatory intent, Magistrate Judge Hayes reasons that "[Goods] implies that the Warden's inquiry and statement prove retaliatory intent; however, a more logical interpretation suggests that Lee was merely providing his defense to [Goods'] allegation [in the civil complaint] that he had previously been confined to lock down because of his refusal to enter a guilty plea to the pending felony charges." [Doc. No. 13, p. 8]. While the Court agrees that this is one plausible interpretation of Warden Lee's comments, it is also plausible that Warden Lee was implicitly threatening Goods with further segregation for filing a civil rights complaint and continuing to pursue his claims with the Court.

With respect to causation, Magistrate Judge Hayes reasons that the chronology of events fails to support an inference of retaliatory intent because (1) Goods spoke with Warden Lee on August 22, but was not confined in administrative segregation until August 26, four days later; (2) Goods alleges that he remained/remains in administrative segregation under orders from Warden Lee, but "Warden Lee was not accused of any wrongdoing in [Goods'] grievance"; and (3) a charge that Goods strong armed his fellow inmates "(even if ultimately proven untrue) justified segregating

---

[1] The Court agrees with Magistrate Judge Hayes that Goods can satisfy the first element—he engaged in constitutionally protected activity by filing a civil suit. *See Woods*, 60 F.3d at 1164. His confinement also satisfies the adverse act element.

The Court also agrees with Magistrate Judge Hayes that Goods has abandoned his claim that he was confined in administrative segregation on July 14 in retaliation for pleading not guilty to the criminal charges which are pending against him.

3

plaintiff from the general population." [Doc. No. 13, p. 9].

The Court finds that a four-day lapse between Goods' conversation with Warden Lee and his subsequent segregation does not obviate an inference of discriminatory intent. Because Warden Lee was aware that Goods had alleged in his civil rights complaint that he was segregated in retaliation for filing suit, it is plausible that the subsequent detention was delayed to avoid the appearance of retaliation.

The Court also finds that Goods' failure to accuse Warden Lee of wrongdoing in his "grievance" is not dispositive of whether Warden Lee acted with retaliatory intent. *See Cross v. Dretke*, 06-40513, 2007 U.S. App. LEXIS 17207, at *4 (5th Cir. July 19, 2007) ("That [the defendant] was not named in a prior civil action or grievance is not dispositive of whether he had retaliatory intent when he authorized the move [from the first floor to the second].").

Finally, the Court finds that Goods is not precluded from establishing but-for causation simply because the FPDC offered a non-retaliatory reason nine (9) days after he was segregated. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods*, 60 F.3d at 1165. Goods specifically disputes that he strong armed other inmates, offers a "signed" statement from other inmates who confirm that he did not cause any trouble, and alleges that various officers told him that he was segregated per Warden Lee's orders and that he was "marked." Goods has also demonstrated a close temporal proximity between Warden Lee's objectively hostile comments regarding Goods' civil rights complaint and his subsequent segregation. The foregoing constitutes some evidence that the stated reason for his segregation was pretextual and that his segregation would not have occurred if he had not filed the instant civil rights complaint. *Cf. Hines v. Popp*,

06-20738, 2008 U.S. App. LEXIS 15226, at *3–4 (5th Cir. July 15, 2008) ("[T]he undisputed facts show that [the inmate's] property was confiscated because it violated storage limits, was not his, or was contraband that he was not entitled to possess. Although [the inmate] now argues that he had several unnamed witnesses who were willing to testify regarding the defendants' retaliatory motive, he points to no evidence establishing that, but for the allegedly retaliatory motive, the complained of acts would not have occurred, and his conclusional, speculative argument is insufficient.").

The Court, therefore, finds that Goods has stated a retaliation claim against Warden Lee.

Goods has informally moved to dismiss his claim against Assistant Warden Hilton Griffen and that claim is DISMISSED WITHOUT PREJUDICE per Federal Rule of Civil Procedure 41(a)(B). *See* [Doc. No. 12, p. 3].

The Court agrees with Magistrate Judge Hayes that Goods has failed to state a claim against Sheriff Steve Pylant and that claim is DISMISSED WITH PREJUDICE as frivolous and failing to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

MONROE, LOUISIANA, this 19 day of June, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE